UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>KYRON MURDOCK,  )<br>  )<br>Defendant.  )  | Crim. No. 05-10067 |

**DEFENDANT'S FIRST MOTION IN LIMINE**
(Defendant's Prior Convictions)

Now comes the Defendant KYRON MURDOCK by his attorney KARL W. BRYNING, and pursuant to Rules 104 and 609, Fed.R.Evid., moves this Court for the entry of an order barring the Government from introducing any evidence of defendant's prior criminal convictions to impeach his credibility should he elect to testify at trial, or in the alternative, barring the Government from referring to or mentioning the name or nature of any of defendant's prior criminal convictions to impeach his credibility. In support, defendant states as follows:

1. Defendant is charged in this cause with knowingly possessing a firearm which had previously traveled in interstate commerce, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year.

2. Defendant and his counsel have reason to believe that if defendant elects to testify at the trial of this cause, the Government will seek to introduce evidence of his prior convictions for the purpose of impeaching his credibility under Rule 609(a), Fed.R.Evid.

3. The United States Probation Department lists Defendant as having been convicted of the felony offense of Aggravated Battery with a Firearm, Obstructing Justice, June 29, 2004

1

Peoria County Case No. 03 CF 490.

  4.  Rule 609(a)(1), Fed.R.Evid. states in pertinent part, that a defendant's prior felony conviction shall be admissible to impeach a defendant's testimony only "if the court determines that the probative value of admitting the evidence outweighs its prejudicial effect to the accused."

  5.  In weighing the probative value of such evidence against its prejudicial effect, a district court must consider the following five factors: a) the impeachment value of the prior crime; b) the point in time of the conviction and the witness' subsequent history; c) the similarity between the past and present crime; d) the importance of the defendant's testimony; and e) the centrality of the credibility issue in the trial. *United States v. Mahone*, 537 F.2d 922, 929 (7th Cir. 1976); *United States v. Galati*, 230 F.3d 254, 262 (7th Cir. 2000). In *United States v. Beahm*, 664 F.2d 414, 418-19 (4th Cir. 1981), the Fourth Circuit provided the following commentary concerning cases such as this where the defendant's prior convictions are of a similar nature to that for which the defendant is on trial:

> Admission of evidence of a similar offense often does little to impeach the credibility of a testifying defendant while undoubtably prejudicing him. The jury, despite limiting instructions, can hardly avoid drawing the inference that the past conviction suggests some probability that defendant committed the similar offense for which he is currently charged. The generally accepted view, therefore, is that evidence of similar offenses for impeachment purposes under Rule 609 should be admitted sparingly if at all. See *United States v. Mahone*, 537 F.2d 922, 929 (7th Cir.), *cert. denied*, 429 U.S. 1025 (1976); *Gordon v. United States*, 383 F.2d 936, 940 (D.C.Cir. 1967), *cert. denied*, 390 U.S. 1029 (1968).
>
> Where, as here, the offense sought to be admitted against defendant had little bearing on his propensity to tell the truth, the district court should have recognized that the substantial likelihood of prejudice outweighed the minimal

impeachment value of the evidence, and refused to admit the evidence, *United States v. Pucu*, 453 F.2d 539, 542-44 2nd Cir 1971), or at the very least limited disclosure to the fact of conviction without revealing its nature. *United States v. Wilson*, 556 F.2d 1177, 1178 (4th Cir. 1977); *United States v. Garber*, 471 F.2d 212, 218 (5th Cir. 1972); *United States v. Sanders*, 964 F.2d 295, 297-98 (4th Cir. 1992)(error to admit similar convictions to impeach defendant's testimony under Rule 609(a), even though such convictions occurred within ten years).

6. The similarity of the alleged offense with that of the Defendant's prior convictions poses an unacceptable and unnecessary risk that a limiting instruction will not adequately safeguard the Defendant's right to fair trial, and that the jury will, in fact, consider that evidence for the improper purpose as proof that the Defendant has a propensity to commit such criminal acts. Additionally, defendant's testimony is critical to his defense that he did not possess the weapon as alleged. As related by one of the most distinguished commentators in the law of federal evidence:

> One important consideration is what the effect will be if the defendant does not testify out of fear of being prejudiced because of impeachment by prior convictions. Even though a judge might find that the prior convictions are relevant to credibility and the risk of prejudice to the defendant does not warrant their exclusion, he might nevertheless conclude that it is more important that the jury have the benefit of the defendant's version of the case than to have the defendant remain silent out of fear of impeachment.

3 *Weinstein's Evidence*, Sec. 609(3) at 609-38 (quoting *Gordon v. United States*, 383 F.2d 936, 940 (D.C.Cir. 1967), *cert. denied*, 390 U.S. 1029 (1968). It is entirely possible that defendant's ability to testify will determine the outcome of this case; if so, this Court should weigh the balance in favor of defendant and bar the Government from using any evidence of his prior felony conviction to impeach his trial testimony, or, in the alternative, barring the Government from referring to or mentioning the name or nature of defendant's prior felony conviction to impeach his trial testimony.

WHEREFORE, Defendant requests the entry of an order barring the Government from introducing any evidence of defendant's prior felony conviction to impeach his credibility should he elect to testify at trial, or in the alternative, barring the Government from referring to or mentioning the name or nature of any of defendant's prior felony conviction to impeach his credibility.

                KYRON MURDOCK, Defendant

                RICHARD H. PARSONS
                Federal Public Defender

BY:   /s/ Karl W. Bryning

                Karl W. Bryning
                Assistant Federal Public Defender
                Attorney for Defendant
                401 Main Street, Suite 1500
                Peoria, Illinois 61602
                Phone: 309/671-7891
                FAX: 309/671-7898
                Email: karl_bryning@fd.org

## CERTIFICATE OF SERVICE

      I hereby certify that on November 7, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Mr. Bradley Murphy, Assistant United States Attorney, One Technology Plaza, 211 Fulton Street, Suite 400, Peoria, Illinois 61602.

      /s/ Karl W. Bryning
      Attorney for Defendant
      Assistant Federal Public Defender
      401 Main Street, Suite 1500
      Peoria, Illinois 61602
      Phone: 309/671-7891
      FAX: 309/671-7898
      Email: karl_bryning@fd.org