E-FILED
Wednesday, 21 December, 2005  02:00:39 PM
Clerk, U.S. District Court, ILCD

Members of the jury, you have seen and heard all the evidence and the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is mean to indicate any opinion on my part about what the facts are or about what your verdict should be.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that a person would have given certain testimony.

You are to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all, as well as what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

-the witness's age;

- the witness's intelligence;

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

You should judge the defendant's testimony in the same way that you judge the testimony of any other witness.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inferences you make must be reasonable and must be based on the evidence in the case.

Some of you have heard the phrases "circumstantial evidence" and "direct evidence." Direct evidence is the testimony of someone who claims to have personal knowledge of the commission of the crime which has been charged, such as an eyewitness. Circumstantial evidence is the proof of a series of facts which tend to show whether the defendant is guilty or not guilty. The law makes no distinction between the weight to be given either direct or circumstantial evidence. You should decide how much weight to give to any evidence. All the evidence in the case, including the circumstantial evidence, should be considered by you in reaching your verdict.

Certain things are not evidence. I will list them for you:

First, testimony and exhibits that I struck from the record, or that I told you to disregard, are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections by the lawyers are not evidence. Attorneys have a duty to object when they believe a question is improper. You should not be influenced by any objection or by my ruling on it.

Fourth, the lawyers' statements to you are not evidence. The purpose of these statements is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

The indictment in this case is the formal method of accusing the defendant of an offense and placing the defendant on trial. It is not evidence against the defendant and does not create any inference of guilt.

The defendant is charged with the offense of possession of a firearm by a felon. The defendant has pleaded not guilty to the charge.

The defendant is presumed to be innocent of the charge. This presumption continues during every stage of the trial and your deliberations on the verdict. It is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty as charged. The government has the burden of proving the guilt of the defendant beyond a reasonable doubt.

This burden of proof stays with the government throughout the case. The defendant is never required to prove his innocence or to produce any evidence at all.

You have received evidence of a statement said to be made by the defendant to Officer Allenbaugh and Sergeant Theobald. You must decide whether the defendant did in fact make the statement. If you find that the defendant did make the statement, then you must decide what weight, if any, you feel the statement deserves. In making this decision, you should consider all matters in evidence having to do with the statement, including those concerning the defendant and the circumstances under which the statement was made.

You have heard evidence of the events of August 25, 2005, which were not charged in the indictment. You may consider this evidence only on the question of knowledge and motive. You should consider this evidence only for this limited purpose.

1:05-cr-10067-JBM-JAG   # 25   Page 10 of 19

You have heard evidence that Kyron Murdock has been convicted of a crime. You may consider this evidence only in deciding whether Kyron Murdock's testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

1:05-cr-10067-JBM-JAG   # 25   Page 11 of 19

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such a person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness' qualifications, and all of the other evidence in the case.

When the word "knowingly" is used in these instructions, it means that the defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake or accident. Knowledge may be proved by the defendant's conduct, and by all the facts and circumstances surrounding the case.

1:05-cr-10067-JBM-JAG  # 25  Page 13 of 19

You have heard evidence that before the trial [a] witness[es] made [a] statement[s] that may be inconsistent with the witness[es]'s testimony here in court. If you find that it is inconsistent, you may consider the earlier statement [only] in deciding the truthfulness and accuracy of that witness's testimony in this trial. [You may not use it as evidence of the truth of the matters contained in that prior statement.] [If that statement was made under oath, you may also consider it as evidence of the truth of the matters contained in that prior statement.]

Possession of an object is the ability to control it.  Possession may exist even when a person is not in physical contact with the object, but knowingly has the ~~poser~~ *power* and intention to exercise direction and control over it, either directly or through others.

To sustain the charge of possession of a firearm by a felon as charged in the indictment, the government must prove the following propositions:

First, that, prior to August 25, 2005 the defendant had been convicted of a crime that was punishable by a term of imprisonment of more than one year; and

Second, that on August 25, 2005 the defendant knowingly possessed a firearm; and

Third, that the firearm possessed by the defendant had traveled in interstate commerce prior to defendant's possession of it on that date.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

Upon retiring to the jury room, select one of your number as your Foreperson. The Foreperson will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your Foreperson will fill in and date the appropriate form, and each of you will sign it.

I do not anticipate that you will need to communicate with me. If you do, however, the only proper way is in writing, signed by the Foreperson, or if he or she is unwilling to do so, by some other juror, and given to the marshal.

The verdict must represent the considered judgment of each juror. Your verdict, whether it be guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement which is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.